## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

DAVID CARTER,             :
                                    :
        **Petitioner,**       :
  **VS.**                       :
                                    :     **NO. 4:19-CV-00003-CDL-MSH**
**ATTORNEY GENERAL STATE OF** :
**GEORGIA,** *et al.,*         :
                                    :
        **Respondents.**    :
_____  :

## <u>ORDER</u>

*Pro se* Petitioner David Carter, an inmate presently incarcerated at the Muscogee County Jail in Columbus, Georgia, filed a document that was docketed as a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Because the original Petition was incomplete and unclear, Petitioner was ordered to recast his Petition on the Court's standard form and to either pay the $5.00 filing fee or move for leave to proceed *in forma pauperis*. Order 1-2, Jan. 31, 2019, ECF No. 4. Petitioner was given twenty-one (21) days to comply, and he was advised that failure to fully and timely comply with the Court's Order could result in the dismissal of his pleadings. *Id.* at 2.

Petitioner responded by filing another copy of the Court's standard form, but he again left blank the answers to several critical questions. *See, e.g.,* Am. Pet. 1, Feb. 12, 2019, ECF No. 6. Petitioner also attempted to file a motion for leave to proceed *in forma pauperis*, but he failed to submit the account certification form to the prison's business office for completion and appeared to have completed the form himself. *See* Attach. 1 to

Mot. For Leave to Proceed IFP 1, ECF No. 7-1. Because Petitioner appeared to be confused, the Magistrate Judge gave Petitioner another opportunity to provide the information previously requested. Petitioner was specifically advised to answer each question on the Court's standard habeas form and to clearly identify what state court conviction he intended to challenge. Order 2-3, Mar. 11, 2019, ECF No. 8. Petitioner was also directed to ask a jail official to complete the prison trust fund account certification form. *Id.* at 3. Petitioner was given twenty-one (21) days to comply, and he was again warned that failure to timely and fully comply could result in the dismissal of his Petition. *Id.*

In response to the March 11, 2019 Show Cause Order, Petitioner again submitted confusing and incomplete documents. For example, Petitioner again identified the state court conviction he wished to challenge with the case number of the above-captioned action and failed to answer a number of questions on the form. *See generally* Am. Pet., Mar. 21, 2019, ECF No. 9. In addition, Petitioner failed to complete the form motion to proceed *in forma pauperis* or have prison officials complete the appropriate portion, as previously instructed. *See generally* Mot. Proceed IFP, Mar. 21, 2019, ECF No. 10. As such, Petitioner was ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was given twenty-one (21) days to comply, and he was warned that failure to fully and timely comply with the Court's orders and instructions would result in the dismissal of his Petition. Order 3, Apr. 24, 2019, ECF No. 11.

The time for compliance has now passed without a response from Petitioner. Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's Petition is therefore **DISMISSED without prejudice.**

To the extent that this action can be construed as one filed pursuant to 28 U.S.C. § 2254, Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders).

3

Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this **3rd** day of **June, 2019.**

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA